**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4847**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

WILLIAM AUSTIN FLOWERS,

                    Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.    Catherine  C.  Blake,  Chief  District
Judge.  (1:06-cr-00222-CCB-1)

Submitted:  October 22, 2014         Decided:  November 5, 2014

Before MOTZ, WYNN, and DIAZ, Circuit Judges.

Dismissed by unpublished per curiam opinion.

William  Austin  Flowers,  Appellant  Pro  Se.  Michael  Clayton
Hanlon,  Assistant  United  States  Attorney,  Baltimore,  Maryland,
for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Austin Flowers seeks to appeal his conviction and 154-month sentence following his guilty plea to obstruction of commerce through robbery, in violation of 18 U.S.C. § 1951 (2012), and use of a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (2012).  In a criminal case, where judgment was entered before December 1, 2009, a defendant must file his notice of appeal within ten days after the entry of judgment.[1]  Fed. R. App. P. 4(b)(1)(A)(i).  With or without a motion, the district court may extend the time in which to file a notice of appeal for an additional thirty days from the expiration of this time period upon a finding of excusable neglect or good cause.  Fed. R. App. P. 4(b)(4); United States v. Reyes, 759 F.2d 351, 353 (4th Cir. 1985).

The district court entered the criminal judgment on April 12, 2007.  The notice of appeal was filed November 4, 2013.[2]  Because Flowers failed to file a timely notice of appeal or obtain an extension of the appeal period, and because the

---

[1] At the time the judgment was entered, the appeal period was ten days. Fed. R. App. P. 4(b)(1)(A)(i) (2008).  On December 1, 2009, the period was extended to fourteen days. Fed. R. App. P. 4(b)(1)(A)(i).  Flowers' notice of appeal was untimely under either period.

[2] See Fed. R. App. P. 4(c)(1); Houston v. Lack, 487 U.S. 266, 276 (1988) (prisoners entitled to filing as of date they tendered notice of appeal to prison authorities for mailing).

delay was inordinate, we dismiss the appeal. We also deny Flowers' motion to appoint counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

DISMISSED